UNITED STATES of America, Appellee

v.

Reggie Eugene MAY, Appellant.

No. 92–3223.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 8, 1995.

Decided Oct. 31, 1995.

Mary E. Davis, appointed by the court, Washington, DC, argued the cause and filed the brief for appellant.

Nancy B. Bukas, Assistant United States Attorney, Washington, DC, argued pro hac vice for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher and Roy W. McLeese, III, Assistant United States Attorneys, were on the brief. Elizabeth Trosman, Assistant United States Attorney, Washington, DC, entered an appearance.

Before: GINSBURG, HENDERSON, and RANDOLPH, Circuit Judges.

RANDOLPH, Circuit Judge:

Officers seeking to execute an arrest warrant for Jermaine Thomas, who had been charged with first degree murder, proceeded to the address given in the supporting affidavit. There they encountered the defendant May and others, but not Thomas. The weapons and drugs found on the premises resulted in May's indictment and conviction, after a jury trial, for possession with intent to distribute cocaine; and for using and carrying a firearm in connection with that offense, for

possessing a firearm with an altered serial number, and for possessing an unregistered firearm.

■ As to the validity of the search, May recognizes that the Fourth Amendment permits law enforcement officers to search the dwelling of the subject of an arrest warrant provided they have reason to believe the suspect is there. *See Payton v. New York,* 445 U.S. 573, 603, 100 S.Ct. 1371, 1388, 63 L.Ed.2d 639 (1980). May's complaint is two-fold: the officers had no reason to believe that Thomas lived at the address or that he would be there when the police entered. There is nothing to either point. Police records disclosed Thomas's address. Two witnesses placed Thomas at that address after the murder. One witness said Thomas slept there on the evening of the murder. Thomas had a criminal history. The murder occurred on a Saturday afternoon, the warrant issued on Monday, and the police entered the premises on Tuesday morning. Thomas slept somewhere on Sunday and Monday. The police reasonably could suppose that the somewhere was the address on the affidavit and that Thomas would still be inside at 11:20 a.m. when they arrived. The police could not be certain of this but certainty is not required. *See United States v. Terry,* 702 F.2d 299, 319 (2d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304, *and cert. denied,* 464 U.S. 992, 104 S.Ct. 482, 78 L.Ed.2d 680 (1983); *see also United States v. Woods,* 560 F.2d 660, 665 (5th Cir.1977), *cert. denied,* 435 U.S. 906, 98 S.Ct. 1452, 55 L.Ed.2d 497 (1978). Thomas must have felt safe at his dwelling, having returned there after committing a murder in broad daylight. Given the gravity of his crime, the police would have been remiss if they had not attempted to apprehend him as quickly as possible. And the logical place one would expect to find Thomas on that Tuesday morning was at his home.

■ May's next contention has more substance. The district court instructed the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with a strong belief in a defendant's guilt" and that "[i]f based on your consideration of the evidence you have a strong belief that the defendant is guilty of one or more of the crimes charged, it is your duty to find him guilty." In *United States v. Merlos,* 984 F.2d 1239 (D.C.Cir.) [*Merlos I* ], *vacated in part sub nom. United States v. Loriano,* 996 F.2d 424 (D.C.Cir.), *reh'g denied,* 8 F.3d 48 (D.C.Cir.1993) [*Merlos II* ], *cert. denied,* —— U.S. ——, 114 S.Ct. 1635, 128 L.Ed.2d 358 (1994), we held that identical jury instructions given by the same district judge equating reasonable doubt with a "strong belief" were unconstitutional. 984 F.2d at 1242.

Because an unconstitutional reasonable-doubt instruction can never constitute harmless error under Rule 52(a), FED.R.CRIM.P. (*Sullivan v. Louisiana,* —— U.S. ——, ——, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993); *United States v. Purvis,* 21 F.3d 1128, 1130 (D.C.Cir.1994); *Loriano,* 996 F.2d at 424), everything turns on whether May's counsel interposed a timely and sufficient objection. Rule 30, FED.R.CRIM.P., provides that "[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection." *See also* FED. R.CRIM.P. 51. If May's counsel complied with Rule 30, May is entitled to a new trial. If May's counsel did not comply, May's conviction will stand.[1]

Before the court charged the jury in this case, it held an off-the-record conference on the instructions and then told counsel to place their objections on the record. May's counsel, James R. Holloway, Esq., stated: "We had requested in our requested instructions that Your Honor give the standard

---

1. *Merlos I,* decided in February 1993, was our first decision holding unconstitutional a jury instruction equating reasonable doubt with a strong belief. May's trial took place in June 1992. *United States v. Washington,* 12 F.3d 1128, 1138–39 (D.C.Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994), and

*Merlos II,* 8 F.3d at 50–51, held that before *Merlos I,* the erroneous instructions did not constitute "plain error" under Rule 52(b), as interpreted in *United States v. Olano,* —— U.S. ——, ——————, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993).

reasonable doubt instruction in the Redbook Instruction, 2.09." The court responded:

> As I told you informally, I've been giving for some time the reasonable doubt instruction from the Pattern Criminal Instructions prepared by a subcommittee on pattern jury instructions of the judicial conference of the United States.

> I haven't seen a reasonable doubt instruction yet that I think is ideal. I keep thinking I'll take a day sometime and try to blend everything together into what seems to be a better one, but I don't have it yet.

> So I give the one from the judicial conference instruction book.

In order to preserve the issue for appeal, Rule 30 required defense counsel to identify distinctly the "strong belief" portion of the instruction and to state why he considered it objectionable. See, e.g., United States v. Logan, 998 F.2d 1025, 1030 (D.C.Cir.), cert. denied, —— U.S. ——, 114 S.Ct. 569, 126 L.Ed.2d 469 (1993). Holloway did neither in the exchange just quoted. All that appears is a restatement of his request for one version of a reasonable doubt instruction and the district court's rejoinder that it would give a different version. That fulfilled the court's obligation under Rule 30 to "inform counsel of its proposed action upon the requests [for instructions] prior to their arguments to the jury." It did not discharge defense counsel's duty to object to the court's decision.

Nevertheless, this court has twice determined that colloquies almost identical to the one just quoted, colloquies with the same judge relating to the same instruction, amounted to a sufficient objection to preserve the issue for appeal. See Purvis, 21 F.3d at 1130; Loriano, 996 F.2d at 424 (discussed in Purvis, 21 F.3d at 1130). The trial in Purvis took place several months after May's, with attorney Holloway representing the defendant before the same district judge. We presumed in Purvis that during the off-the-record conference, Holloway communicated his objection to the "strong belief" portion of the instruction, although he said nothing specific on the record. 21 F.3d at 1130. The district judge, we wrote in Pur-

vis, "customarily gave the constitutionally deficient 'strong belief'" instruction and "already knew of [Holloway's] objections to the 'strong belief' reasonable doubt instruction." Id.

Because Rule 30 requires counsel to put their objections on the record and to spell out the reasons for them (see, e.g., United States v. Agnes, 753 F.2d 293, 301 n. 11 (3d Cir.1985); United States v. Henderson, 645 F.2d 569, 577–78 (7th Cir.), cert. denied, 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981)), Purvis must have rested on a factual assumption—that the district judge understood the defense attorney's recorded remarks to mean far more than otherwise appears, that the attorney was speaking in a sort of code, repeating what he had said explicitly at conference. That assumption, and the narrow holding in Purvis, depend on the relationship of this particular defense attorney to this particular district judge with respect to this particular portion of the judge's customary reasonable doubt instruction. To bring May's case within Purvis we too would have to conclude that attorney Holloway told the judge, off the record, of his objection to the "strong belief" language and the reasons for it. But we have absolutely nothing in this case, not even a representation in May's brief, to indicate that Holloway ever did so. Rather than speculating about what transpired in the conference, a conference predating the one in Purvis, we will return the case to the district judge for a determination of what actually occurred.

The case is remanded. The district court, upon consideration of whatever submissions defendant's attorney and the attorney for the government may wish to make, shall determine whether, in the off-the-record conference on instructions in this case, attorney Holloway stated an objection to the "strong belief" portion of the court's proposed reasonable doubt instruction and the grounds of the objection. In making that determination the court may consider submissions from attorney Holloway and from the government attorney who attended the conference. If the court finds that attorney Holloway made the objection and sufficiently stated the grounds for it, the court shall enter an order

**518**

vacating May's conviction and setting the case down for a new trial. If the court finds that attorney Holloway did not make the objection or sufficiently state the grounds for it in the conference, the court shall enter a final judgment so stating.

*Remanded.*