UNITED STATES of America

v.

Reggie Eugene MAY.

Criminal No. 92–93 SSH.

United States District Court,
District of Columbia.

May 24, 2001.

AUSA Robert D. Okun, Chief, Special Proceedings Section, Office of the United States Attorney for the District of Columbia, Washington, DC, for plaintiff.

A.J. Kramer, Federal Public Defender, Washington, DC, for defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

The Court of Appeals remanded this case to the undersigned to "determine whether, in the off-the-record conference on instructions in this case, [defendant's attorney] stated an objection to the 'strong belief' portion of the court's proposed reasonable doubt instruction and the grounds of the objection." *United States v. May*, 68 F.3d 515, 517 (D.C.Cir.1995).

The opinion of the Court of Appeals remanding this case was the latest in a series of decisions dealing with the significance of the difference between the terms "firmly convinced" and "strong belief" in the reasonable doubt instruction which was given by the undersigned in an unknown number of cases.[1] The earlier decisions, the relevant ones of which are discussed or cited below, resulted ultimately in three affirmances and four reversals with remands for new trials.[2] In this case, the Court of Appeals has directed me to make

---

1. In many years as a judge, the undersigned never has used the first person pronoun in any opinion or order. In view of the unique nature of this case, however, with there being a need for the undersigned to make personal factual recitations and findings, it would seem stilted not to use first person pronouns. Hence, they shall be utilized for the remainder of the Opinion.

2. Guilty pleas were entered in three of the remanded cases. In the fourth, a four-week retrial was held (the original trial had taken two weeks), and the defendants again were convicted of the same charges of which they had been found guilty in the first trial. Those convictions were affirmed in *United States v. Holton*, 116 F.3d 1536 (D.C.Cir.1997).

a "determination of what actually occurred" with respect to the use of "strong belief" in the reasonable doubt instruction. 68 F.3d at 307. As I discuss fully below, I find that defendant's counsel did not specifically object to the use of the term "strong belief" during the informal instructions conference that was conducted in this case.

The lack of a specific objection could be considered, as a practical matter, to be the end of defendant May's appeal.[3] It is not, however, the end of the issue. The scope of this opinion is broadened to clarify the history of this case and the others like it that were returned to me from the Court of Appeals over the course of several years—including one Court of Appeals opinion that, I respectfully submit, was predicated on an egregious appellate error.[4]

One point must be stressed at the outset. My recollection of all material aspects of this problem is totally clear.

**The Genesis of the Problem.**

Prior to 1987, trial judges in this jurisdiction generally relied on the Criminal Jury Instructions for the District of Columbia created by the Young Lawyers' Section of the Bar Association of the District of Columbia—the so-called "Redbook." I never was adequately satisfied with the Redbook's reasonable doubt instruction (No. 2.09), particularly its circular admonition that reasonable doubt "is such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions of life."[5] Nevertheless, rightly or wrongly, courts of appeals tend to attach a talismanic imprimatur to standardized instructions, and trial judges stray from them at their peril. Thus, I gave the Redbook instruction until 1987.

In that year, the Federal Judicial Center published its Pattern Criminal Jury Instructions, drafted by the Subcommittee on Pattern Jury Instructions of the Committee on the Operation of the Jury System of the Judicial Conference of the United States ("Pattern Instructions"). I considered the Pattern Instructions' reasonable doubt instruction to be superior to the Redbook's, and I began to use it. *See Victor*, 511 U.S. at 27, 114 S.Ct. 1239 (Ginsburg, J., concurring) (noting that the then-new Pattern Instruction "surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly").

I quote two relevant items in full. First is the second paragraph of the reasonable doubt instruction from the Pattern Instructions. It states:

---

**3.** Defendant was released from prison soon after the Court of Appeals issued its mandate. His conviction on the charge of using and carrying a firearm in connection with a drug trafficking offense fell within the purview of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Sua sponte*, I personally contacted counsel for the government and defendant, both of whom agreed to a resentencing of defendant without having him transported here. By an Order and superseding Judgment issued May 1, 1996, defendant's conviction for the violation of 18 U.S.C. § 924(c) was vacated based upon *Bailey* and it was ordered that he "be released from prison at the earliest feasible time to begin serving his term of supervised release." Defendant was released the next day.

**4.** *United States v. Purvis*, 21 F.3d 1128 (D.C.Cir.1994), discussed below.

**5.** Others share my concern with the Redbook language. *See Victor v. Nebraska*, 511 U.S. 1, 24–25, 114 S.Ct. 1239, 127 L.Ed.2d 583 (Ginsburg, J. concurring) (criticizing the Redbook language). It also should be noted that in *United States v. Taylor*, 997 F.2d 1551 (D.C.Cir.1993), the Court of Appeals held that it is not mandatory even to give a reasonable doubt instruction.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Second is Rule 30 of the Federal Rules of Criminal Procedure, which deals with jury instructions, and provides:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to all parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. The court may instruct the jury before or after the arguments are completed or at both times. *No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection.* Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury. (Emphasis added.)

I follow an unvarying practice with respect to jury instructions. Counsel are directed to submit their requested instruc-

tions immediately prior to the start of the trial. I work on instructions during the period of the trial, assisted by my law clerk, and I provide counsel with my proposed final version of the instructions prior to the conclusion of the trial.

Jury instructions cannot be finalized until the closing of the presentation of all evidence, and I am among those trial judges who try hard not to have a jury sitting unutilized in the courthouse any longer than is necessary. Accordingly, once the evidentiary portion of the trial is concluded, I project how much time will be needed for a thorough informal meeting with counsel on instructions, followed by an opportunity thereafter for counsel to comply with Rule 30 by noting their objections on the record to my final rulings on instructions. At the informal conference, I entertain any and all requests for changes. Some requested changes are adopted; some are denied. Although Rule 30 indicates that objections to instructions should be made after instructions have been given, I ask counsel to put any objections on the record before bringing the jury in for closing arguments and instructions. That way, counsel may take as long as they want to make their positions a matter of record while the jury waits comfortably in the jury room. Following arguments and instructions, and in accordance with Rule 30, I invite counsel to the bench to add anything they wish to the record.

I followed that procedure in innumerable trials. Then, at some point after I began using the Pattern Instruction, and in a trial neither the name nor date of which I now can pinpoint but about which the "reasonable doubt" aspect thereof is remembered clearly, an unusual thing happened in the informal conference on instructions .[6] When we reached the reason-

---

6. As anyone who has participated in a confer-

ence on instructions well knows, counsel do

able doubt instruction, an experienced defense counsel said, essentially: "Judge, this instruction uses the term 'firmly convinced.' Would you mind using 'strong belief' instead?"[7] One need not be a semanticist instinctively to recognize the functional equivalence of a "firm conviction" and a "strong belief."[8] I replied that I saw no meaningful difference between the terms, and that if the requested change were acceptable to the Assistant United States Attorney, I would accommodate his request. The AUSA had no objection, so at defense counsel's behest, "strong belief" was substituted for "firmly convinced" in the Pattern Instruction. Instructions were given to the jury in due course and the case was resolved.

**The Perpetuation of the Problem.**

There is concern in the minds of trial judges and lawyers as to the extent to which juries are able to comprehend and recall oral instructions. To facilitate jurors' performance of their vital task, I always have provided every jury with a written (and indexed) copy of the instructions which have been read to it. (Having the instructions in writing not only gives jurors instant access to what they were told; it significantly reduces the number of questions that they otherwise might ask of the court.) Achieving that goal without undue delay has been made relatively simple through the use of computers. Unfor-

tunately, however, when the requested change from "firmly convinced" to "strong belief" was entered into the chambers' computer in that one case, a change thereby was made to the master file from which jury instructions for subsequent cases would be drawn. The change from "firmly convinced" to "strong belief" thus remained in the chambers' computer for subsequent trials in an unknown number of cases, somehow unnoticed by me and my staff, and uncommented upon by defense counsel and prosecutors.[9] *See, e.g., United States v. Calderon,* 18 F.3d 953 (D.C.Cir. 1994) (table case); *United States v. Washington,* 12 F.3d 1128 (D.C.Cir.) ("strong belief" language not plain error in absence of objection), *cert. denied,* 513 U.S. 828, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994); *United States v. DeLeon,* 993 F.2d 913 (D.C.Cir.1993) (table case), *cert. denied,* 513 U.S. 840, 115 S.Ct. 125, 130 L.Ed.2d 69 (1994).

The first time I became aware that a change had become embedded in the Pattern Instruction was when the Court of Appeals issued its first opinion dealing with the subject. *United States v. Merlos,* 984 F.2d 1239 (D.C.Cir.) [hereinafter *Merlos I* ], *vacated in part,* 996 F.2d 424 (D.C.Cir.1993), *cert. denied,* 511 U.S. 1064, 114 S.Ct. 1635, 128 L.Ed.2d 358 (1994). The Court of Appeals first concluded that counsel for defendant Loriano, who had been tried separately but whose appeal

not take instructions lightly. To the contrary, counsel's seeking advantage in the most minute of ways never ceases to amaze, vex, and consume the time of trial judges. (This is not to denigrate their efforts; counsel should do what they deem necessary.)

7. I use the term "experienced defense counsel" advisedly, notwithstanding my inability to recall or reconstruct who it was. All of our defense counsel are experienced.

8. Later, as might be expected, I went to Webster's Third New International Dictionary

(unabridged; 1981). It defines the noun "conviction" in part as "a strong belief or persuasion," and the adjective "convinced" as "having or feeling strong belief or conviction."

9. I cannot explain why no counsel ever brought the language change to my attention, but there appear to be only two likely explanations: either counsel did not notice the subtle language difference, or some recognized it and did not perceive it to be a problem.

had been consolidated with that of Merlos, had objected properly to the use of "strong belief" at trial.[10] The court then appeared to assume that the difference between "firmly convinced" and "strong belief" in the instruction's language amounted to an "error of constitutional dimensions." *Merlos I,* 984 F.2d at 1240–42. Nonetheless, the court concluded that the error was harmless. Thereafter, based on the Supreme Court's subsequent decision in *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), which held that a constitutionally deficient reasonable doubt instruction cannot be harmless error, the D.C. Circuit summarily reversed Loriano's conviction. *United States v. Loriano,* 996 F.2d 424 (D.C.Cir.1993). Immediately after *Merlos I* was issued, I changed the reasonable doubt instruction back in our computer system from using the term "strong belief" to the original "firmly convinced." [11]

Having discussed *Merlos I,* brief reference should be made to *Merlos II.* Mer-

---

10. Loriano's counsel never specified his precise objection to the reasonable doubt instruction, as Rule 30 requires, and I accordingly respectfully disagree with the Court of Appeals' conclusion that Loriano's counsel "properly objected" to the instruction. *See Merlos I,* 984 F.2d at 1240–42. Counsel stated only that "the defense would like to object to the reasonable doubt instruction that the court has constructed that we consider somewhat prejudicial and different than the standard Redbook instruction. We did, in fact, request the Redbook instruction on that particular instruction in issue." *United States v. Loriano,* Criminal No. 90–518, Trial Tr. at 4 (May 21, 1991). If defense counsel had mentioned that the use of "strong belief" rather than "firmly convinced" changed the Pattern Instruction, the original text of which I clearly thought I was using, it would have been drawn to my attention that the change had never been removed from the chambers' computer, and that oversight would have been immediately corrected.

11. I stress my lack of awareness of the problem until *Merlos I* was issued. Prior thereto, however, it was brought to my attention in one case in which I did not adequately recognize the situation. In the original trial of *United States v. Davis,* Criminal No. 91–677, defense counsel made a general request for the Redbook reasonable doubt instruction during the informal conference on instructions, but made no reference to the "strong belief" problem. (As I have said, it would have been changed immediately if it had been raised.) When objections were put on the record prior to bringing in the jury, again nothing was said beyond a preference for the Redbook instruction. Following closing arguments and instructions, counsel were called to the bench for a final opportunity to note any objections. One defense counsel then stated:

> Certainly we adopt all of our previous objections. One particular objection is that in the reasonable doubt instruction, the court said "strong belief," which the court said it would.
>
> In light of the fact that [the AUSA] highlighted in his closing argument the words "strong belief" and in light of our request that that not be there—in fact, the words "strong belief" are much too weak an evaluation of what beyond a reasonable doubt is. [Tr. 163, May 4, 1992.]

Coming at the end of an hour-long reading of all instructions, that brief reference by counsel to "strong belief"—particularly since nothing had been said previously beyond a mere request for the Redbook instruction—did not make me cognizant of the fact that the Pattern Instruction was not being given verbatim, as my response to counsel shows:

> [t]he reasonable doubt instruction which I gave ... is the one from the Pattern Jury Instructions put out by the Federal Judicial Center [as] adopted by the Subcommittee on Pattern Jury Instructions of the Judicial Conference of the United States. I find it preferable to the Redbook.

Imperfect as my response thus was, it was obvious that I thought the entire instruction was given as written in the Pattern Instructions, but at least in that case (and only in that case) a Rule 30 objection was made. (The client of the lawyer who made that somewhat perfunctory "strong belief" objection was acquitted by the jury. For the two convicted codefendants, the case was remanded for a retrial, at which, as I have noted, they again were found guilty of all charges.)

los's trial counsel had not objected to the reasonable doubt instruction containing "strong belief." Following *Sullivan v. Louisiana,* and the resulting reversal of Loriano's conviction, Merlos sought rehearing. The Court of Appeals then concluded that absent an objection at trial, the use of "strong belief" did not constitute plain error, and hence Merlos's conviction was reaffirmed. In my view, it is obvious that merely stating a preference for the Redbook instruction no more complies with Rule 30 than does making no objection at all.

The next case in the series was *United States v. Purvis,* 21 F.3d 1128 (D.C.Cir. 1994), which involved the same defense counsel as this case, Assistant Federal Public Defender James Holloway. The Court of Appeals held in *Purvis* that although defense counsel's on-the-record objection to the reasonable doubt jury instruction consisted only of a request for the Redbook instruction, his objection met the requirements of Rule 30 because it could be *"infer[red]* from the record that the trial judge already knew of defense counsel's objections to the 'strong belief' reasonable doubt instruction." *Id.* at 1130 (emphasis added). Disregarding Rule 30's directive that any objections to instructions must be made with specificity on the record, the *Purvis* panel simply presumed that at some point during the off-the-record conference on instructions, Mr. Holloway had communicated his objection to the "strong belief" portion of the instruction.

Indeed, according to the panel in its later-to-be-modified slip opinion, I (this court) "already knew of [Mr. Holloway's] objections to the 'strong belief' reasonable doubt instruction." [12] Slip op. at 5. The panel's original assertion that I "already knew" of an objection is false. The record contains no reference to "strong belief," and, as I discuss more fully below, Mr. Holloway most assuredly did not bring that language to my attention, either on the record or off the record.

The *Purvis* panel's conclusion that the record "indicates that the trial judge customarily gave the constitutionally deficient 'strong belief' reasonable doubt instruction and that before going 'on the record' to express his preference for the Redbook instruction, Holloway had communicated his objections to the court in the off-the-record exchange," 21 F.3d at 1130, appears to be based on the following highly misleading footnote contained in Purvis's appellate brief.

As the government is well aware, Judge Harris repeatedly had given the very same misdefinition of reasonable doubt, and often had heard objections to his definition from defense counsel. *There can be no doubt that Judge Harris was aware of the specific objections that this defense counsel had to the judge's definition of the government's burden of proof.*

Def.'s Br. at 18 (emphasis added).[13] That statement could not be further from the

---

**12.** Apparently recognizing later that there was no evidence on the record that Mr. Holloway had registered any objection to the "strong belief" language, other than appellate counsel's unsupported representations, the panel changed that language from its initial slip opinion in *Purvis* before the opinion was published officially. The slip opinion also stated that "the record *clearly demonstrates* that Judge Harris already knew of defense counsel's reasons for opposing the 'strong be-

lief' reasonable doubt instruction." Slip op. at 5 (emphasis added). That was pure fiction, which too was deleted from the panel's opinion before it was officially published.

**13.** Mr. Holloway was not appellate counsel in *Purvis.* Baffled by the panel's language in the slip opinion, I promptly obtained the briefs. I telephoned appellate counsel (another Assistant Federal Public Defender) immediately after reading that footnote; in response to a

truth. The only objection I had "often ... heard" to the slightly modified reasonable doubt instruction, either on or off the record, was that defense counsel would prefer the Redbook instruction to the Pattern Instruction. Retreating significantly from what was said in the slip opinion, the *Purvis* panel stated in its revised language for publication in the reporter system that "[a]lthough we cannot be certain about exactly what occurred in the off-the-record exchange, where the record is ambiguous we would rather err on the side of recognizing an objection that was not made with the desired specificity than rejecting one that was so made. The circumstances of this case thus render appellant's objection adequate." 21 F.3d at 1130. The clear language of Rule 30, of course, requires considerably more than an "ambiguous" record and an unsupported inference drawn by the Court of Appeals. The court nonetheless adhered to its reversal of Purvis's conviction. (His was one of the remanded cases in which a guilty plea ultimately was entered.)

*Purvis* led, not surprisingly, to yet another remand: the instant case. Defendant May was convicted, after a jury trial, of possession with intent to distribute cocaine, using and carrying a firearm in connection with that offense, possessing a firearm with an altered serial number, and possessing an unregistered firearm. *May,* 68 F.3d at 515–16. On appeal, May contended that this Court's instruction to the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with a strong belief in a defendant's guilt" was unconstitutional and constituted reversible error. *Id.* at 516. Based on *Purvis* and

*Sullivan,* the panel concluded that whether the instruction constituted reversible error turned entirely on whether May's trial counsel, Mr. Holloway, interposed a timely and sufficient objection. *Id.*

The panel in this case noted that, on the record, Mr. Holloway had done no more than request the Redbook instruction, and the panel further recognized that such a request ordinarily would not meet his Rule 30 obligation. *Id.* at 516–17 ("In order to preserve the issue for appeal, Rule 30 required defense counsel to identify distinctly the 'strong belief' portion of the instruction and to state why he considered it objectionable.") (citing cases). However, in light of *Purvis,* which also involved Mr. Holloway, the *May* panel felt it necessary to remand the case for a determination of whether Mr. Holloway's objection was sufficient to satisfy Rule 30. Specifically, the *May* panel stated:

> Because Rule 30 requires counsel to put their objections on the record and to spell out the reasons for them ... *Purvis* must have rested on a factual assumption—that the district judge understood the defense attorney's recorded remarks to mean far more than otherwise appears, that the attorney was speaking in a sort of code, repeating what he had said explicitly at conference. That assumption, and the narrow holding in *Purvis,* depend on the relationship of this particular defense attorney to this particular district judge with respect to this particular portion of the judge's customary reasonable doubt instruction. To bring May's case within *Purvis* we too would have to conclude

direct question she advised me that Mr. Holloway never told her that any reference to "strong belief" had been made in our informal instructions conference. Rather, appellate counsel told me in effect that she made such assertions by drawing inferences from

other cases dealing with this problem—despite the fact that, as I have noted, in none of those cases had anyone raised a specific objection noting that the Pattern Instruction uses "firmly convinced," not "strong belief."

that attorney Holloway told the judge, off-the-record, of his objection to the "strong belief" language and the reasons for it. But we have absolutely nothing in this case, not even a representation in May's brief to indicate that Holloway did so. Rather than speculating about what transpired in the conference, a conference predating the one in *Purvis*, we will return the case to the district judge for a determination of what actually occurred.

*Id.* at 517. The instant case thus was remanded for me to determine "whether, in the off-the-record conference on instructions in this case, attorney Holloway stated an objection to the 'strong belief' portion of the court's proposed reasonable doubt instruction and the grounds of the objection." *Id.*

**Discussion.**

When it remanded this case, the Court of Appeals indicated that in determining whether Mr. Holloway objected in a manner which would satisfy Rule 30, I could "consider submissions from attorney Holloway and from the government attorney who attended the conference." *May*, 68 F.3d at 517. Consistent therewith, I requested submissions from Mr. Holloway and the government's attorney. Mr. Holloway submitted an affidavit stating that, to the best of his recollection, he objected to the use of the term "strong belief" during the off-the-record conference. *See* Holloway Aff. ¶ 4 (May 30, 1996). Robert Okun, the AUSA who was government

counsel during the trial, also submitted an affidavit, stating that he has no specific recollection as to whether Mr. Holloway objected to the use of "strong belief." *See* Okun Aff. ¶ 3 (May 30, 1996).

Mr. Holloway's affidavit indicates that he believes he made an objection in the off-the-record conference that was sufficiently explicit to create "a sort of code," which should have indicated to me that his remarks on the record meant far more than otherwise appears. *See May*, 68 F.3d at 517; Holloway Aff. ¶¶ 4–7.[14] Since Mr. Holloway states that this case was his first trial before me, *id.* at ¶ 9, I fail to see how we could have established any "sort of code" at that point.[15] (I also note that while Mr. Holloway expressed a "firm belief" that he had objected to the "strong belief" language, *id.* at ¶ 4, he apparently was not "firmly convinced" that he had so objected.)

In any event, although Mr. Holloway's affidavit is due serious consideration, it is not dispositive of what occurred during the informal conference. I also may be guided by my own recollection. *Cf. Polizzi v. United States*, 926 F.2d 1311, 1320 (2d Cir.1991) ("[A] trial judge may rely on his or her own recollections and observations when ruling on a § 2255 motion."). My recollection is clear. There was no statement of any kind—much less an objection made during the off-the-record conference—that drew my attention in any way to the "strong belief" language that inadvertently had remained in the proposed

---

**14.** Mr. Holloway's apparent recollection that he objected to the "strong belief" language seems to be based in part on the fact that prior to the instructions conference, he had written the letters "OBJ" (presumably for "object") on his copy of the Court's proposed reasonable doubt instruction. Holloway Aff. at ¶ 3. I do not disagree that Mr. Holloway made an objection to the overall instruction at the conference; however, that objection was

limited to a very simply stated request for the Redbook instruction. Such an objection standing alone is not sufficient to meet the requirements of Rule 30. *See May*, 68 F.3d at 517.

**15.** The *May* case was tried before the *Purvis* case, although they were decided on appeal in the reverse order.

reasonable doubt instruction. And, despite the Court of Appeals' inexplicable and unsupported "inference" to the contrary in *Purvis*, the fact is that no one—in this case or any other—ever objected to the slight change in language in the reasonable doubt instruction in any of the off-the-record conferences. The perfunctory statements made by various defense counsel regarding their preferences for the Redbook instruction in no way gave me the opportunity that Rule 30 so clearly is intended to provide: to consider and rule upon a specific objection to an instruction before the jury begins its deliberations.

Accordingly, the Court expressly finds that Mr. Holloway did not make an objection to the use of the term "strong belief" sufficient to discharge his burden under Federal Rule of Criminal Procedure 30, and that in fact he said nothing on the subject, either off or on the record. Consistent therewith, final judgment to such effect in entered, and the conviction of defendant Reggie Eugene May stands unaltered.